## TOWN OF HUNTINGTON v. TITUS et ux.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. DEEDS—CONDITIONS—FAILURE TO PERFORM—WAIVER.

A town granted to defendant's predecessor in interest the right to maintain a dam, and he, in consideration thereof, agreed to maintain a mill and open a way and keep it in repair forever. The grant further provided that, if the grantee should fail to build and maintain the mill, then the grant should be null and void. *Held* that, since the grant did not recite that failure to construct the way should constitute a ground of forfeiture, such condition was not a condition subsequent, and that since the way was never constructed, and the town had for 125 years failed to bring any action to enforce the agreement to build the way, it will be presumed that the town waived its performance.

2. SPECIFIC PERFORMANCE—LACHES.

Specific performance of the terms of a grant made by a town on condition that the grantee and his successors should build and keep in repair a certain way will not be decreed, where the town has neglected for 125 years to sue to enforce such condition, and the property rights are of less value than they were at the time the grant was made, and to comply with the terms of the grant would practically amount to confiscation of defendant's property.

Appeal from special term, Suffolk county.

Action by the town of Huntington against Andrus L. Titus and another. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

The following is the opinion of the court below (SMITH, J.):

On January 14, 1774, the trustees of the town of Huntington made a grant to one Sylvanus Townsend, his heirs and assigns, forever, of certain interests at Centerport Harbor, described in the grant as follows: "The rights, liberties, and privileges hereinafter mentioned, to wit, of buildings, making, and the running of a dam to dam the water, to begin at or near about the north or northeast point of the land that the said Sylvanus Townsend bought of Philip Udale, near the house of Hezekiah Wicks, and from thence to run north, about seventy-two degrees east, over to the point called 'Jacob Platt's Point of Upland,' where the said Townsend hath concluded to build the said dam, and to raise the said dam as high as he, the said Townsend, shall judge most convenient, and full and free liberty to erect or build a mill on the said dam, or below the same, with free liberty to dam and confine the water above the milldam, and to improve the same." In consideration of such grant, the said Townsend agreed, upon his part, to build a good gristmill on the dam; also, to make a good, sufficient dam or crossway across the harbor to the upland, to be 18 feet wide at the top all the way, for ox carts and teams to pass and repass at all times of tide, and to maintain it good forever; to make a good public highway, 3 rods wide, from the bank all the way down to the landing below the gristmill, and at or near the said landing to leave a piece of land sufficient to lay all the cord wood that should ever be brought there; and also to make a good crossway over the little cove near said landing, sufficient for ox carts and teams to pass and repass; and always to keep a good miller, and grind all the grain which the country people should bring; that he would not hinder any person from fishing, oystering, or clamming or gunning in the millpond, or hinder any person from passing on the dam; and that he should grind all the grain brought to the mill, for a toll of one-tenth of grain and rye, and one-twelfth of all wheat. The defendant Andrus L. Titus has succeeded to the rights granted to the said Townsend, and is now in possession of, and claims to be the owner of, the same. The agreement made by Townsend to maintain a crossway 18 feet wide upon the top of the dam for the passage and repassage of ox carts and teams has not been observed within the memory of man, and the evidence taken upon the trial justifies the con-

clusion, and I so find, that the crossway has never, from the time of the making of the grant to the present time, been made 18 feet wide at the top, and in a condition for carts and teams to pass and repass. The claim of the plaintiff is that these covenants and agreements made by Townsend, above referred to, were conditions subsequent, and that upon the failure to perform any one of them the grant became forfeited to the town of Huntington, and this action is brought to enforce such forfeiture; and, if the court should find that the covenants are not conditions subsequent, they ask for a specific performance of the covenant to make and maintain an 18-foot crossway,—that being the covenant which it is alleged has never been performed by Townsend or by his successors in title.

I decide that the covenant to maintain an 18-foot crossway is not a condition subsequent, because the grant itself provides that "in case it should so happen that the said Sylvanus Townsend should not go on to build a mill or mills at the place aforementioned, and should at any time hereafter fail, he or his successors or assigns, of keeping a good mill or mills, and should fail and neglect or refuse to grind all the grain of the country people as aforesaid, that then and in that case this present grant shall be absolutely null, void, and of none effect, and all the privileges aforementioned shall revert to the said trustees and their successors." Inasmuch as some of the covenants made by Townsend are specified as conditions upon failure to perform which the grant should be forfeited, and there is no mention in that connection of the covenant to make and maintain the 18-foot crossway, I conclude that it was not the intention of the parties to the agreement to make the performance of that covenant a condition subsequent.

The defendant claims that an action to enforce the covenant referred to is barred by the statute of limitations; that the town has failed to assert its right to have the covenant performed for 125 years,—ever since the making of the grant,—and is now barred by the lapse of time. The plaintiff claims that the covenant is a continuing covenant, running with the land, and that a right of action constantly accrues for its enforcement. I am of the opinion that a cause of action to enforce the construction of the dam 18 feet wide, as prescribed by the grant, accrued upon failure of Townsend within a reasonable time to perform that covenant, and that a continuous right to enforce the cause of action has not existed down to the present time. It may be, however, if it could be shown that the covenant had once been complied with, that the right to have the crossway maintained, as erected in pursuance of the grant, would be a continuous right, and could be asserted and enforced now; but in this case there never was any compliance whatever with the covenant. From the fact that the covenant was never complied with in accordance with its terms, and that 125 years have elapsed, and during that time there never has been any action on the part of the town authorities to enforce its performance, or so far as it appears, no complaint ever made because of its nonperformance, the presumption arises that the town waived its performance. The reasons for such waiver may not be now apparent, but the performance of the covenant was seemingly of so much importance to the inhabitants of the town, that the failure of the town to enforce it, or to complain of its nonperformance, justifies the conclusion that for some sufficient consideration the mill owner was relieved from its performance. At all events, it seems to me the burden is upon the town to explain its nonaction and silence, and that burden has not been met upon this trial.

If I were to decide, however, that the statute of limitations did not apply, and that there had been no waiver on the part of the town, I think this is not a case where the specific performance of this covenant should be enforced. The granting or withholding of a specific performance of a contract is within the discretion of the court, and it will not be granted when it is against equity and good conscience to do so. It appears by the plaintiff's evidence that it would cost about $3,000 to put the dam in condition for travel. To impose this burden upon the present owner would amount to a practical confiscation of his property. When the grant was made to Townsend, and for many years thereafter, the milling privilege was a very valuable one. At the present time it is of but little value. The property has been transferred from time to time in its present condition, and without any express notice on the part of the town that

the covenant might be enforced. It would be exceedingly unjust and oppressive, in the present changed condition of affairs, to impose upon the present owner, who, if not legally, is morally, an innocent purchaser, a burden which, in effect, would deprive him of his property.

For these reasons, I conclude that the plaintiff is not entitled to the relief demanded in the complaint, and the complaint must be dismissed, with costs.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Willard N. Baylis (Edward R. Ackerly, on the brief), for appellant. Rowland Miles, for respondents.

PER CURIAM. The very full and satisfactory consideration of the law and facts of this case by the learned judge at special term renders any further discussion thereof in this court unnecessary; and we are quite content to affirm the judgment for the reasons given by Mr. Justice WILMOT M. SMITH, with a single qualification, which in no wise affects his conclusions. We doubt whether any distinction can be recognized by the courts, growing out of the fact that a party is morally an innocent purchaser, if he be not an innocent purchaser in the eyes of the law. This characterization of the defendant in the special term opinion, however, is merely incidental to the argument showing that it would be most unjust at this time to enforce the town's claim against him, and it in no respect impairs the validity of that argument.

Judgment affirmed, with costs, upon the opinion of SMITH, J., at special term.